IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Roger Feltman and Yvonne Feltman, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING** |
| | ) | **MOTION TO REMAND** |
| vs. | ) | |
| | ) | |
| Washington Mutual Bank, FA, | ) | Civil No. 2:07-cv-59 |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion to Remand filed by Plaintiffs Roger and Yvonne Feltman (Doc. #4). Defendant Washington Mutual Bank has filed a brief in opposition (Doc. #8). Plaintiffs have filed a reply brief (Doc. #9).

## FACTUAL BACKGROUND

In May 2007, Plaintiffs filed the instant action against Defendant in state district court in Walsh County, North Dakota. Plaintiffs' action arises out of a series of mortgages they obtained from Defendant, a federal savings bank, which were secured by liens on eight parcels of real property located in Grafton, North Dakota. Escrow accounts were established in connection with these mortgages. The gravamen of Plaintiffs' Complaint is that Defendant mismanaged the escrow accounts and thereby caused damages.

The Complaint sets forth six causes of action against Defendant. Count One alleges that Defendant breached its contractual obligations by mismanaging the escrow accounts and funds. Count Two alleges that Defendant was negligent in managing the escrow accounts. Count Three alleges that Defendant breached its fiduciary duty when it mismanaged the escrow accounts. Count Four alleges a tort claim against Defendant for breach of the obligation of good faith and fair dealing

1

in management of the escrow accounts.  Count Five alleges that Defendant committed trespass and conversion when it broke and changed the locks on one of the mortgaged properties.  Count Six alleges that Defendant failed to comply with the requirements of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., to timely respond to inquiries about the escrow accounts and to correct the escrow account problems, and that Defendant's failures demonstrated a pattern or practice of noncompliance.  Plaintiffs seek money damages on all six counts, although the Complaint does not seek a particular amount of damages.

On June 14, 2007, Defendant removed the action to this Court on the basis of diversity jurisdiction and federal question jurisdiction.  Plaintiffs have moved to remand the action back to state district court in Walsh County.  Plaintiffs contend there is insufficient proof of the amount in controversy for this Court to exercise diversity jurisdiction.  As to federal question jurisdiction, Plaintiffs concede the RESPA claim is based upon federal law.  However, Plaintiffs argue this Court should exercise its discretion to remand the entire case because five of the six claims arise under state law, and the state district court has concurrent jurisdiction over the RESPA claim.

## DISCUSSION

A defendant may remove a civil action to federal court when the federal court would have had original jurisdiction if the suit had originally been filed there.  Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)).  Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Id.  The well-pleaded complaint rule gives plaintiffs some control over the choice of forum, because plaintiffs may avoid federal jurisdiction by exclusive reliance on state

law. Id. The presence of even a single federal claim may give the defendant the right to remove an entire case to federal court. Id.; see also 28 U.S.C. § 1367 (providing that the district court shall have supplemental jurisdiction over claims in certain circumstances).

If the plaintiff has also pleaded state law claims in the complaint, in addition to the claim posing a federal question, the district court must determine whether it has supplemental jurisdiction over those pendent state claims. See Lindsey v. Dillard's, Inc., 306 F.3d 596, 598 (8th Cir. 2002); see also 14B Charles Alan Wright et al., Federal Practice and Procedure § 3722, at 477 (3d ed. 1998) (stating that the doctrine of supplemental jurisdiction "is fully applicable to removal jurisdiction when the basis for the removal to federal court is the existence of a federal question"). Section 1367(a), Title 28 U.S.C., provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Claims within an action are part of the same case or controversy if they "derive from a common nucleus of operative fact." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 350 (8th Cir. 2007) (quotation omitted). A plaintiff's claims derive from a common nucleus of operative fact if the claims are such that he would ordinarily be expected to try them all in one judicial proceeding. Id. (quotation omitted).

Here, the federal RESPA claim is presented on the face of Plaintiffs' Complaint, so removal of that claim based on federal question jurisdiction was proper. See 28 U.S.C. § 1441(b). As for supplemental jurisdiction, all of Plaintiffs' claims against Defendant derive from the alleged mismanagement of the mortgage escrow accounts and the subsequent declaration that Plaintiffs were in default under the mortgages. The Court finds it has

supplemental jurisdiction over the five claims arising under state law because all of Plaintiffs' claims arise from the same set of facts and would ordinarily be expected to be tried together. Because the Court has subject matter jurisdiction over all six claims, the entire action has been properly removed to federal court.

Plaintiffs acknowledge there is federal question jurisdiction in this case, but contend the entire action, including the federal RESPA claim, should be remanded to state district court under 28 U.S.C. § 1441(c) because the state law claims predominate. Defendant counters that § 1441(c) does not apply because Plaintiffs' claims all arise from a single set of facts, so there is no separate and independent claim as required by the statute. Defendant further argues that this Court may only decline to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c).

There is a fairly complex relationship between the supplemental jurisdiction statute, 28 U.S.C. § 1367, and the removability provision contained in 28 U.S.C. § 1441(c). See 14C Charles Alan Wright et al., Federal Practice and Procedure § 3724, at 3 (3d ed. 1998) (stating that § 1441(c) is an "unusual and complex provision" with "a tortured history," and that it initially seems to be inconsistent, or at least unharmonious, with supplemental jurisdiction under § 1367(a)). The two provisions apply in very different ways to cases involving federal question jurisdiction. Section 1367(a) provides that district courts shall have supplemental jurisdiction over state law claims when they are "so related" to the claim supporting federal question jurisdiction "that they form part of the same case or controversy." On the other hand, § 1441(c) allows the removal of an entire case to federal court "[w]henever a separate

and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action."

The United States Supreme Court has held there is no "separate and independent" claim or cause of action under § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951). The Supreme Court has also stated that § 1441(c) "is not directly applicable to suits involving pendent claims, because pendent claims are not 'separate and independent' within the meaning of the removal statute." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 354 (1988) (citing Finn, 341 U.S. at 12-14); see also Smith v. Amedisys Inc., 298 F.3d 434, 440 (5th Cir. 2002) (citation omitted) (holding that "a claim is not independent if it involves substantially the same facts"); 14C Wright et al., supra, § 3724, at 9 (stating that § 1441(c) limits removal "to situations in which a federal question claim is joined with a separate and independent claim of a nonfederal–and otherwise nonremovable–nature").

Based on the foregoing principles, the Court concludes that § 1441(c), and accordingly, its discretionary remand provision, does not apply in this case. The Court has already determined that it has supplemental jurisdiction over the five state law claims because they are so related to the federal RESPA claim that they form part of the same case or controversy. By definition, those supplemental claims cannot also be "separate and independent" within the meaning of § 1441(c). Furthermore, all of Plaintiffs' claims arise out of a single wrong–the alleged mismanagement of the escrow accounts. Therefore, the

Court finds that § 1441(c) is not an appropriate basis to remand this case to state district court.

Even if § 1441(c) did apply, the Court would not exercise its discretion to remand under that provision. Section 1441(c) provides that the district court "may remand all matters in which State law predominates." It is a matter of some debate whether § 1441(c) should be construed to permit remand of an entire case, including unresolved federal claims, if the district court finds that state law predominates. See Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1037 (8th Cir. 1999). The Eighth Circuit has not yet decided the issue. Id. at 1038. In these circumstances, where there is clearly federal jurisdiction over the entire action, and there is an open question whether it would be proper for the Court to remand the entire action, as opposed to only the state claims, the Court would decline to exercise its discretion to remand to state court. Furthermore, if the Court only has the discretion to remand the state claims, it would be highly inefficient to remand the state claims and retain the federal claim because all of Plaintiffs' claims are so related.

The Court also notes that it will not decline to exercise supplemental jurisdiction over any of the five state law claims under 28 U.S.C. § 1367(c). The state law claims do not raise a novel or complex issue of North Dakota law, nor do they substantially predominate over the RESPA claim over which the Court has federal question jurisdiction. See 28 U.S.C. § 1367(c). The RESPA claim has not been dismissed, and there are no other exceptional circumstances which would provide a compelling reason for declining jurisdiction. See id. Because none of the circumstances required by § 1367(c) is present in this case, the Court

cannot decline to exercise supplemental jurisdiction over the state claims.  Accordingly, § 1367(c) also does not provide a basis for the Court to remand the state claims.

Finally, because the entire action is properly in federal court based on federal question and supplemental jurisdiction, the Court need not decide whether the amount in controversy requirement has been satisfied to support diversity jurisdiction.

## DECISION

For all the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court